United States Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

Woody Anglade
WA-022702000
Counsel for Plaintiff

RECEIVED-CLERK
U.S. DISTRICT COURT

2005 FEB -7 P 12: 00

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  O5cv 743(JHR) |
| v. | ) ) | |
| VINELAND BOARD OF EDUCATION | ) ) | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age, and to provide appropriate relief to Patricia Santangelo and Daniel Baxter who were adversely affected by such practices. The Commission alleges that Defendant, Vineland Board of Education, discriminated against Ms. Santangelo, age forty-seven (47), and Mr. Baxter, age fifty-seven (57), based on their ages, when Defendant refused to select either of them to an available full time high school chemistry teaching position in 2002, while hiring a younger, and less experienced candidate. As articulated with greater particularity in paragraph 7 below, the Commission alleges that Ms. Santangelo applied for the position of high school chemistry teacher in May 2002, and again in July 2002; Mr. Baxter applied for the position only in May 2002. The position was ultimately filled by a less qualified, less experienced and significantly younger

1

candidate.  As a result of the alleged discrimination, Ms. Santangelo suffered income and benefit losses, while Mr. Baxter suffered income losses.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.      At all relevant times, Defendant, Vineland Board of Education (the "Employer"), has continuously been doing business in the State of New Jersey and the Township of Vineland, and has continuously had at least 20 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

2

## CONCILIATION

6.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.    Since at least May 2002, the Defendant Employer has engaged in unlawful employment practices by unlawfully subjecting Ms. Santangelo, age forty-seven (47), and Mr. Baxter, age fifty-seven (57), to discrimination based on their ages, in violation of Section 4(a)(1) and (d) of the ADEA, 29 U.S.C. § 623(a)(1) and (d). The unlawful employment practices include, but are not limited to, the following:

(a)    In or about 1980, Ms. Santangelo began her employment with Defendant as a full time high school math and science teacher. She stopped working for Defendant Employer in 1981. Thereafter, Ms. Santangelo was re-hired by Defendant as a full time science teacher for gifted middle school children (high school level content) in 1986. Ms. Santangelo taught gifted students physical sciences, including chemistry, at a high school equivalency level until 2001. Thereafter, Patricia Santangelo started working for Defendant as a physical science teacher at another middle school in Defendant's School District.

(b)    At all relevant times during her employment, Ms. Santangelo received good performance evaluations and never received any disciplinary actions.

(c)    In April 2002, Defendant Employer posted a job announcement for physical science teacher (chemistry). The only requirement listed on the job announcement was possession of a New

3

Jersey physical science teacher certification.

    (d)    Ms. Santangelo applied for the teaching position on or about April 22, 2002. At the time she applied, Patricia Santangelo possessed a Bachelor of Arts degree in physical science with a concentration in chemistry, a Master's Degree in chemistry education, and was an adjunct physical science professor. She also possessed a New Jersey physical science teacher certification, and had over seventeen (17) years of experience as a physical science teacher, which included teaching high school chemistry.

    (e)    Despite Ms. Santangelo's experience, certification and impressive record, she was advised in May 2002 that she was not selected for the position.

    (f)    Daniel Baxter, age fifty-seven (57), also applied for the same teaching position in or about April 2002. At the time he applied, Mr. Baxter possessed a New Jersey physical science teaching certificate, and had spent the previous two (2) years teaching laboratory technology and chemistry to high school students in the Bridgeton, New Jersey School District. Daniel Baxter's record also included working in private industry in various technology and science-related positions for thirty-six (36) years.

    (g)    Despite Mr. Baxter's experience, certification and impressive record, he also was not selected for the position.

    (h)    Defendant Employer did not select any candidate for the position and decided to re-post the physical science (chemistry) teacher position in June 2002. In July 2002, Ms. Santangelo applied for the position again.

    (i)    Defendant again denied Ms. Santangelo the position and awarded it to a significantly younger candidate, who was twenty-nine (29) years old. The successful candidate had no prior

teaching experience, and did not possess the requisite New Jersey physical science teacher certificate.

(j)    Patricia Santangelo was eminently more qualified than the selectee for the physical science (chemistry) teaching position. She had taught physical science, including chemistry, in the Vineland School system for nearly twenty (20) years; she had taught almost exclusively high school level physical science during that time period; she possessed an advanced degree in chemistry; and more importantly, she had the requisite New Jersey physical science teacher certification.

(k)    Ms. Santangelo consistently received favorable performance evaluations throughout her employment with Defendant.

(l)    Daniel Baxter was also more qualified than the selectee for the physical science (chemistry) teaching position. He had taught laboratory technology and chemistry to high school students; he had the required New Jersey physical science teacher certification, and he had worked thirty-six (36) years in private industry in various technology and science-related positions.

(m)    Despite Ms. Santangelo's and Mr. Baxter's superior qualifications and experience, Defendant selected a significantly younger, less qualified and less experienced candidate, who had no prior teaching experience and did not possess the requisite New Jersey physical science teacher certification for the position.

(8)    The effect of the practices complained of in paragraph 7(a)-(m) above have been to deprive Patricia Santangelo and Daniel Baxter of equal employment opportunities and otherwise adversely affect their status as employees, because of her ages.

(9)    The unlawful employment practices complained of in paragraphs 7(a)-(m) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination based on age, and any other employment practices which discriminate based on age and because of protected activity.

B.    Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make Patricia Santangelo whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring and/or promotion to Ms. Santangelo.

D.    Order Defendant Employer to make Daniel Baxter whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful place hiring and/or promotion to Mr. Baxter.

E.    Order Defendant Employer to make whole Patricia Santangelo, by providing compensation for any out of pocket losses resulting from the unlawful employment practices described in paragraphs 7(a)-(m) above, including but not limited to contributions to Ms. Santangelo's life insurance plan, company savings plan, retirement plan and all other fringe benefits

6

which would have accrued had Ms. Santangelo been promoted into the high school chemistry teaching position in August 2002, in amounts to be determined at trial.

       F.      Order Defendant Employer to pay Patricia Santangelo liquidated damages for its willful conduct described in paragraph 7(a)-(m) above, in amounts to be determined at trial.

       G.     Order Defendant Employer to pay Daniel Baxter liquidated damages for its willful conduct described in paragraph 7(a)-(m) above, in amounts to be determined at trial.

       H.     Grant such further relief as the Court deems necessary and proper in the public interest.

       I.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

ERIC S. DREIBAND
General Counsel

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE H. MCNAIR
Regional Attorney

IRIS SANTIAGO-FLORES
Supervisory Trial Attorney

WOODY ANGLADE
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 South 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2814 (PHONE)
(215) 440-2848 (FAX)

8